**NOT FOR PUBLICATION**

```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
                                   :
RAFAEL BARBOSA,                    :   CIVIL ACTION NO. 12-6772 (MLC)
                                   :
     Plaintiff,                    :       O P I N I O N
                                   :
     v.                            :
                                   :
JASON D. McGORMAN, et al.,         :
                                   :
     Defendants.                   :
                                   :
```

**RAFAEL BARBOSA** brought this action in New Jersey Superior Court, Middlesex County, to recover damages for personal injuries ("Injuries") sustained in a motor vehicle accident ("Accident") in Richmond County, New York. (See dkt. entry no. 1, Notice of Removal, Ex. B, Compl. at 1-2.) Barbosa brought this action against the defendants (1) Jason D. McGorman, who is a citizen of New Jersey, and (2) Richard Dewar, incorrectly named as Dewar Richard, who is a citizen of Richmond County, New York. (See Notice of Removal at 3; Compl. at 1; see also Notice of Removal, Ex. A, N.Y. City Police Accident Report at 1-2.)

**BARBOSA** was a citizen of New York when the Accident occurred, but is now a citizen of Pennsylvania. (See Compl. at 1 (stating Barbosa lives in Pennsylvania); cf. N.Y. City Police Accident Report at 1 (stating Barbosa lived in New York when Accident occurred).)

**THE ACTION** was removed to this Court pursuant to 28 U.S.C. § ("Section") 1332. (See Notice of Removal at 3.) The Court notes

that Barbosa is deemed to be a citizen of Pennsylvania for the purposes of determining whether the Court has jurisdiction pursuant to Section 1332.  See Grupo Dataflux v. Atlas Global Grp., 541 U.S. 567, 571 (2004) (jurisdiction is determined "against the state of facts that existed at the time of filing").

**THE** United States District Court for the Eastern District of New York comprises, among other counties, Richmond County.  See https://www.nyed.uscourts.gov (stating "district comprises the counties of Kings, Nassau, Queens, Richmond, and Suffolk").

**THE COURT** has broad discretion under Section 1404 to transfer an action to a district where the action might have been more properly brought.  See Jumara v. State Farm Ins. Co., 55 F.3d 873, 875, 877 n.3, 883 (3d Cir. 1995).

**THIS ACTION** would have been more properly brought within the Eastern District of New York, as (1) the Accident occurred and the Injuries arose there, (2) the federal district court there will be more familiar with the Accident site, (3) Dewar resides there, (4) many of the non-party witnesses probably live and work nearby, (5) evidence will be found there or nearby, and (6) controlling New York law will be easily applied there.  See Lauria v. Mandalay Corp., No. 07-817, 2008 WL 3887608, at *5 (D.N.J. Aug. 18, 2008) (transferring action to Nevada, as (1) claim arose in Nevada, (2) Nevada has local interest in determining local negligence issue, (3) Nevada court is more

2

familiar with Nevada law, and (4) relevant evidence was in Nevada); Decker v. Marriott Hotel Servs., No. 06-3191, 2007 WL 1630097, at *1 (E.D. Pa. June 4, 2007) (transferring action to Virginia, as defendant's facility located and accident occurred in Virginia).  McGorman's New Jersey citizenship does not outweigh the aforementioned factors, and thus does not make a New Jersey venue more proper.  See In re Christian, 403 Fed.Appx. 651, 652 (3d Cir. 2010) (denying petition for writ of mandamus to compel Pennsylvania district court to vacate order transferring case to Virginia district court, as, inter alia, (1) not all of the defendants resided in Pennsylvania, and (2) substantial part of events at issue arose in Virginia).

**BARBOSA'S CHOICE** of a New Jersey venue is accorded little deference because he is not a New Jersey citizen now, and he was not a New Jersey citizen when the Accident occurred.  See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255-56 (1981).  Also, the convenience of counsel is not a consideration as to the issue of proper venue.  See Solomon v. Cont'l Am. Life Ins. Co., 472 F.2d 1043, 1047 (3d Cir. 1973).

**THE COURT** thus will transfer the action to the Eastern District of New York.  For good cause appearing, the Court will issue an appropriate order.

                                                s/ Mary L. Cooper
                                            **MARY L. COOPER**
                                            United States District Judge

Dated:  March 13, 2013